IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ROEMAL LEE,<br><br>      Plaintiff,<br><br>v.<br><br>CITY OF JOLIET, THOMAS BANAS, THOMAS CONROY (#271), JOLIET POLICE OFFICER SCHUMACHER (#293), JOLIET POLICE OFFICER CLEAVES (#308), JOLIET POLICE OFFICER #32, and OTHER UNKNOWN JOLIET POLICE OFFICERS,<br><br>      Defendants. | FILED: JUNE 26, 2008<br>08CV3646<br>JUDGE CASTILLO<br>MAGISTRATE JUDGE BROWN<br>AEE<br><br><br><br><br><br>Jury Trial Demanded |

## COMPLAINT

Plaintiff, ROEMAL LEE, by his attorneys, LOEVY & LOEVY, complains of Defendants, CITY OF JOLIET and THOMAS BANAS (#247), THOMAS CONROY (#271), JOLIET POLICE OFFICER SCHUMACHER (#293), JOLIET POLICE OFFICER CLEAVES (#308), JOLIET POLICE OFFICER #32, AND OTHER UNKNOWN CITY OF JOLIET POLICE OFFICERS (collectively, the "Defendant Officers"), as follows:

### Introduction

1.    This action is brought under 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

1

## Jurisdiction and Venue

2. This Court has jurisdiction of the action under 28 U.S.C. §§ 1331 and 1367.

3. Venue is proper as Plaintiff is a resident of this judicial district and Defendant City of Joliet is a municipal corporation located here. Further, the events giving rise to the claims asserted herein all occurred within this district.

## Background

4. Plaintiff is a 29 year-old resident of Joliet.

5. On or about May 26, 2007, Mr. Lee was arrested by Defendant Officers event though he had done nothing illegal.

6. After being taken to the Joliet police station, Defendant Officers held him down and performed a body cavity search in Mr. Lee's rectum. They had neither a search warrant nor any cause to perform that search.

7. When the body cavity search turned up nothing illegal, Defendant Officers drove Mr. Lee to Silver Cross Hospital and asked a medical doctor to perform a similar search. The doctor refused, however, because Defendant Officers had no search warrant.

8. Defendant Officers then took Mr. Lee back to the police station, held him down, and performed a second body cavity search in his rectum. Again they had no warrant or cause to perform that search.

9. Defendant Officers never recovered anything illegal despite these invasive searches because Mr. Lee had nothing illegal on him nor in him.

2

10. Despite the lack of any evidence, Defendant Officers charged Mr. Lee with multiple crimes. Mr. Lee was acquitted of those charges on July 2, 2007.

### Count I -- 42 U.S.C. § 1983
### Excessive Force

11. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

12. As described in the preceding paragraphs, the conduct of the Defendant Officers toward Plaintiff constituted excessive force in violation of the United States Constitution.

13. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

14. The misconduct described in this Count was undertaken under the policy and practice of the Joliet Police Department in that:

    a. As a matter of both policy and practice, the Joliet Police Department directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

    b. As a matter of both policy and practice, the Joliet Police Department facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Joliet Police Officers to believe their actions will never be scrutinized and, in that way, directly encouraging

future abuses such as those affecting Plaintiff; specifically, Joliet Police Officers accused of misconduct can be confident that the City of Joliet will not investigate those accusations in earnest and will refuse to recommend discipline even where the Officer has engaged in excessive force;

    c.    Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Joliet Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case; and

    d.    The City of Joliet has failed to act to remedy the patterns of abuse describe in the preceding subparagraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here.

15.    As a result of the unjustified and excessive use of force by one or more of the Defendant Officers, as well as the City's policy and practice, Plaintiff has suffered pain and injury, as well as emotional distress.

16.    The misconduct described in this Count was undertaken by a Defendant Officer within the scope of his employment and under color of law such that his employer, CITY OF JOLIET, is liable for their actions.

## COUNT II -- 42 U.S.C. § 1983
### Fourth Amendment

17.    Each of Paragraphs of this Complaint is incorporated as if restated fully herein.

4

18. As described more fully above, Plaintiff was searched by the Defendant Officers in a manner that violated the Fourth Amendment.

19. The Defendant Officer's actions were undertaken intentionally, with malice and reckless indifference to Plaintiff's rights.

20. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Joliet Police Department in the manner described in preceding paragraphs.

21. As a result of the above-described wrongful conduct, as well as the City of Joliet's policy and practice, Plaintiff has suffered pain and injury, as well as emotional distress.

22. The misconduct described in this Count was undertaken by a Defendant Officer within the scope of his employment and under color of law such that his employer, CITY OF JOLIET, is liable for his actions.

## Count III - 42 U.S.C. § 1983
### 14th Amendment - Substantive Due Process

23. Each Paragraph in this Complaint is incorporated as though fully set forth herein.

24. In the manner described more fully above, Defendant Officers deprived Plaintiff of Due Process in violation of the Fourteenth Amendment to the United States Constitution.

25. The Defendant Officer's actions set forth above were so arbitrary as to

shock the conscience, and were undertaken intentionally, with malice and reckless indifference to Plaintiff's rights.

26. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Joliet Police Department in the manner described in preceding paragraphs.

27. As a result of the above-described wrongful conduct, as well as the City of Joliet's policy and practice, Plaintiff has suffered pain and injury, as well as emotional distress.

28. The misconduct described in this Count was undertaken by a Defendant Officer within the scope of his employment and under color of law such that his employer, CITY OF JOLIET, is liable for his actions.

### Count IV -- 42 U.S.C. § 1983
### Failure to Intervene

29. Each Paragraph in this Complaint is incorporated as if restated fully herein.

30. One or more of the Defendant Officers had a reasonable opportunity to prevent the violation of Plaintiff's constitutional rights as set forth above had he been so inclined, but failed to do so.

31. As a result of the Defendant Officer's failure to intervene, Plaintiff suffered pain and injury, as well as emotional distress.

32. The Defendant Officer's actions were undertaken intentionally, with malice and reckless indifference to Plaintiff's rights.

33. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Joliet Police Department in the manner described more fully above.

34. The misconduct described in this Count was undertaken by a Defendant Officer within the scope of his employment and under color of law such that his employer, CITY OF JOLIET, is liable for his actions.

### Count V – 42 U.S.C. § 1983

### False Arrest/Unlawful Detention

35. Plaintiff realleges all paragraphs of this Complaint as if fully stated herein.

36. As described above, Defendant Officers falsely arrested Mr. Lee on or about May 26, 2007.

37. As described more fully above, Defendant Officers detained Mr. Lee for an unreasonable period of time arrest and under unreasonable conditions of confinement in order to falsify evidence to tie him to various crimes.

38. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

39. As a result of this misconduct, Plaintiff sustained serious emotional injuries.

40. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

41. As a result of the above-described wrongful infringement of Plaintiff's

rights, he suffered damages, including but not limited to pain, mental distress and anguish.

42. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

## COUNT VI – 42 U.S.C. § 1983

### Conspiracy

43. Plaintiff realleges all paragraphs of this Complaint as if fully stated herein.

44. As described more fully in the preceding paragraphs, Defendant Officers knowingly acted in concert to deprive Plaintiff of his Constitutional rights under color of law.

45. Plaintiff was deprived of his constitutional rights in the manner described in the preceding paragraphs.

46. In furtherance of the conspiracy, Defendant Officers committed overt acts of knowingly acting against Plaintiffs through the use of their police powers and otherwise were willful participants in joint activity with other state actors acting under color of law.

47. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

48. As a proximate result of Defendants' conspiracy, Plaintiff suffered damages, including severe physical and emotional distress and anguish.

49. The conspirators committing the misconduct described in this Count were

motivated by personal bias in terms of their own self-interest

50. The misconduct described in this Count was undertaken under the policy and practice of the Joliet Police Department in the manner described more fully above.

### Count VII – 42 U.S.C. § 1983

### Violations of United States Constitution

51. Each Paragraph of this Complaint is incorporated as if restated fully herein.

52. In the manner described more fully above, Defendants violated Plaintiff's constitutional rights, causing him damage. Among others, Defendants violated Plaintiff's rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments.

53. Defendants also reached an agreement to deprive Plaintiff of his constitutional rights via illicit means, and one or more of them took actions in furtherance of this conspiracy, all in violation of both state and federal law.

54. The misconduct described herein was objectively unreasonable, and undertaken with malice, willfulness, and reckless indifference to the rights of others such that the Defendants' actions shock the conscience.

55. Plaintiff's injuries were proximately caused by a policy and practice on the part of the Joliet Police Department as described above. In this way, the City of Joliet violated Plaintiff's rights by maintaining policies and practices that were the moving force driving the foregoing constitutional violations.

## COUNT VIII - State Law Claim

## Intentional Infliction of Emotional Distress

56. Each paragraph of this Complaint is incorporated as if restated fully herein.

57. The acts and conduct of Defendant Officers as set forth above were extreme and outrageous. Defendant Officers intended to cause, or were in reckless disregard of the probability that their conduct would cause, severe emotional distress to Plaintiff.

58. Said actions and conduct did directly and proximately cause severe emotional distress to Plaintiff and thereby constituted intentional infliction of emotional distress.

59. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

60. As a proximate result of Defendants' wrongful acts, Plaintiff suffered damages, including severe emotional distress and anguish.

## COUNT IX – State Law Claim

## Malicious Prosecution

61. Plaintiff realleges all paragraphs in this Complaint as if fully stated herein.

62. Plaintiff was improperly subjected to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and continued maliciously, resulting in injury, and all such proceedings were terminated in Plaintiff's favor in manners indicative of innocence.

63. Defendant Officers accused Plaintiff of criminal activity knowing those accusations to be without probable cause, and they made written and other statements with the intent of exerting influence to institute and continue judicial proceedings.

64. Statements of the Defendant Officers regarding Plaintiff's alleged culpability were made with knowledge that the statements were false and perjured. In so doing, the Defendant Officers fabricated evidence and withheld exculpatory information.

65. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

66. As a result of the above-described wrongful infringement of Plaintiff's rights, he has suffered financial and other damages, including but not limited to substantial mental stress and anguish.

67. The misconduct described in this Count was undertaken by Defendant Officers within the scope of their employment such that their employer, CITY OF JOLIET, is liable for their actions.

## COUNT X – State Law Claim

### Civil Conspiracy

68. Plaintiff realleges all paragraphs in this Complaint as if fully stated herein.

69. As described more fully in the preceding paragraphs, Defendants, acting in concert with other known and unknown co-conspirators, conspired by concerted action to accomplish an unlawful purpose by an unlawful means.

70. In furtherance of the conspiracy, Defendants committed overt acts and were otherwise willful participants in joint activity.

71. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

72. As a proximate result of Defendants' conspiracy, Plaintiff suffered damages, including physical pain and suffering and severe emotional distress and anguish.

### Count XI – State Law Claim: False Imprisonment

73. Plaintiff realleges all paragraphs of this Complaint as if fully stated herein.

74. Plaintiff was arrested and imprisoned, and thereby had his liberty to move about unlawfully restrained, despite Defendants' knowledge that there was no probable cause for doing so.

75. Defendants' actions set forth above were undertaken intentionally, with malice and reckless indifference to Plaintiff's rights.

76. As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff suffered damages, including but not limited to mental distress and anguish.

77. The misconduct described in this Count was undertaken by Defendants within the scope of their employment such that their employer, CITY OF JOLIET, is liable for the actions.

## Count XII -- State Law Claim

### *Respondeat Superior*

78. Each Paragraph in this Complaint is incorporated as if restated fully herein.

79. In committing the acts alleged in the preceding paragraphs, the Defendant Officers were members and agents of the Joliet Police Department acting at all relevant times within the scope of their employment.

80. Defendant City of Joliet is liable as principal for all torts committed by its agents.

## COUNT XIII — State Law Claim

### Indemnification

81. Each Paragraph in this Complaint is incorporated as if restated fully herein.

82. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

83. The Defendant Officers are or were employees of the Joliet Police Department, who acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, Plaintiff, ROEMAL LEE, respectfully requests that this Court enter judgment in his favor and against Defendants, CITY OF JOLIET, BANAS, CONROY, SCHUMACHER, CLEAVES, JOLIET POLICE OFFICER #32 and UNKNOWN JOLIET POLICE OFFICERS, awarding compensatory damages and

attorneys' fees, along with punitive damages against the Defendant Officers in their individual capacities, as well as any other relief this Court deems just and appropriate.

## JURY DEMAND

Plaintiff, ROEMAL LEE, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

RESPECTFULLY SUBMITTED,

S/Mark Reyes

Attorneys for Plaintiff
Arthur Loevy
Jon Loevy
Mark Reyes
LOEVY & LOEVY
312 North May Street, Suite 100
Chicago, IL 60607
(312) 243-5900
(312) 243-5902 (fax)
loevyreyes@aol.com

## CERTIFICATE OF SERVICE

I, Mark Reyes, an attorney, certify that on June 25, 2008, I served this document by ECF electronic filing as to each party who is represented by counsel who uses electronic filing and by first class mail to all other parties.

S/Mark Reyes