IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| ROEMAL LEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | 08 C 3646 |
| CITY OF JOLIET, THOMAS BANAS, THOMAS CONROY, JOLIET POLICE OFFICER SCHUMACHER (#293), JOLIET POLICE OFFICER CLEAVES (#308), JOLIET POLICE OFFICER #32, 271, and OTHER UNKNOWN JOLIET POLICE OFFICERS, | ) ) ) ) ) ) ) | Judge Castillo |
| Defendants. | ) | Jury Trial Demanded |

**JOINT INITIAL STATUS REPORT**

As directed by the Court's order of July 25, 2008, Plaintiff and Defendants met through counsel as required by Fed. R. Civ. P. 26(f), and present the following Joint Initial Status Report:

1. **NATURE OF THE CASE**

    A.  The attorneys of record for each party are:

    Plaintiff:                                  Defendants:

    Arthur Loevy                                Jeffrey S. Plyman
    Jon Loevy                                   John Wise
    Mark Reyes                                  Kimberly Fladhammer
    Loevy & Loevy                               City of Joliet, Corporation Counsel's Office
    312 N. May Street, Ste 100                  150 West Jefferson Street
    Chicago, IL 606027                          Joliet, Illinois 60432

    B.  This Court has jurisdiction of this civil rights action under 28 U.S.C. § 1331.

    C.  Plaintiff seeks a judgment in his favor, compensatory damages from all parties and punitive damages from each individual party in an appropriate amount to be determined by a jury of Plaintiff's peers. In addition, Plaintiff seeks an award of attorneys fees against each party.

    D.    Plaintiff has served each Defendant named in this case.

    E.    <u>Legal Issues</u>:

Did Defendants violate the U.S. Constitution by committing excessive force, by unlawfully conducting one or more body cavity searches of Plaintiff, and by arresting him without probable cause?

<u>Factual Issues</u>:

Did Defendants conduct at least one body cavity search of Plaintiff?
Did Defendants have probable cause to arrest and seek the prosecution of Plaintiff?

2. **Preparation of Draft Scheduling Order**

    A.    Proposed Discovery Plan

        1.    Plaintiff shall have until November 2, 2008 to add parties or to amend the complaint.

        2.    The parties anticipate that both written discovery and depositions will be required in this case.

        3.    The parties shall have until September 15, 2008 to submit Rule 26(a)(1) disclosures.

    B.    Fact discovery will close on April 30, 2009.

    C.    The cut-off date for designation of each party's trial expert(s) will be June 2, 2009 with the delivery of expert reports due at that time. Each party will have until July 15, 2009 to depose the opponent's expert(s) witness(es). Rebuttal reports, if any, to be served on August 15, 2009.

    D.    Dispositive motions shall be filed on or before September 15, 2009.

    E.    A joint final pretrial order will be filed on November 2, 2009.

3. **Trial Status**

    A.    Plaintiff requests a jury trial.

    B.    The trial will likely last one week.

    C.    The case will be ready for trial in Winter 2009-2010.

4. **Consent to Proceed Before a Magistrate Judge**

The parties do not unanimously consent to proceed before a magistrate judge.

5. **Status of Settlement Discussions**

    A.    Plaintiff and Defendants are scheduled for a settlement conference on September 4, 2008.

    B.    In the event that the preliminary settlement discussions are not successful, the parties believe that initial discovery must occur before further productive settlement dialogue can begin.

JOINTLY SUBMITTED:

_____    _____
Attorneys for Plaintiff                            Attorney for Defendants

  C. The case will be ready for trial in Winter 2009-2010.

4. **Consent to Proceed Before a Magistrate Judge**

The parties do not unanimously consent to proceed before a magistrate judge.

5. **Status of Settlement Discussions**

  A. Plaintiff and Defendants are scheduled for a settlement conference on September 4, 2008.

  B. In the event that the preliminary settlement discussions are not successful, the parties believe that initial discovery must occur before further productive settlement dialogue can begin.

JOINTLY SUBMITTED:

_____  _____
Attorneys for Plaintiff     Attorney for Defendants

3