**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ROEMAL LEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 08 CV 3646 |
| | ) | |
| CITY OF JOLIET, THOMAS BANAS, | ) | Judge Castillo |
| THOMAS CONROY, GORDON CORP, JR., | ) | |
| JOLIET POLICE OFFICER P. SCHUMACHER (#293) | ) | Magistrate Judge Brown |
| JOLIET POLICE OFFICER CLEAVES (#308), JOLIET | ) | |
| POLICE OFFICER SHAW, JOLIET POLICE OFFICER | ) | |
| TELLEZ, JOLIET POLICE OFFICER M. AGUIRRE | ) | |
| (#3863), JOLIET POLICE SERGEANT COLLINS, | ) | |
| JOLIET POLICE DETECTIVE RONALD NAGRA, | ) | |
| and OTHER UNKNOWN JOLIET POLICE OFFICERS, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF FILING

**TO:**   Mr. Arthur R. Loevy, loevylaw@loevy.com
       Mr. Jonathan I. Loevy, jon@loevy.com
       Mr. Mark Loevy-Reyes, loevyreyes@aol.com

   **PLEASE TAKE NOTICE** that on the 28th day of August, 2008, I have caused to be filed with the Clerk of the U.S. District Court, United States Court House, 219 South Dearborn Street, Chicago, Illinois  60604, an Answer to Amended Complaint and Affirmative Defense, a copy of which is attached hereto and served upon you.

Kimberly A. Fladhammer                    **Respectfully submitted,**
Assistant Corporation Counsel
City of Joliet
150 West Jefferson Street                 **By:___/s/ Kimberly A. Fladhammer____**
Joliet, Illinois 60432                          **One of their attorneys**
(815) 724-3800
Fax: (815) 724-3801
Reg. No. 06211232

## CERTIFICATE OF SERVICE

   The undersigned certifies that a copy of the foregoing Notice of Filing and Answer to Amended Complaint and Affirmative Defense were served upon the above named by electronic filing on the 28th day of August, 2008.

               _____/s/ Kimberly A. Fladhammer_____

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

ROEMAL LEE,                                          )
                                                     )
              Plaintiff,                             )
                                                     )
        vs.                                          )        No.    08 CV 3646
                                                     )
CITY OF JOLIET, THOMAS BANAS,                        )        Judge Castillo
THOMAS CONROY, GORDON CORP, JR.,                     )
JOLIET POLICE OFFICER P. SCHUMACHER (#293)           )        Magistrate Judge Brown
JOLIET POLICE OFFICER CLEAVES (#308), JOLIET         )
POLICE OFFICER SHAW, JOLIET POLICE OFFICER           )
TELLEZ, JOLIET POLICE OFFICER M. AGUIRRE             )
(#3863), JOLIET POLICE SERGEANT COLLINS,             )
JOLIET POLICE DETECTIVE RONALD NAGRA,                )
and OTHER UNKNOWN JOLIET POLICE OFFICERS,            )
                                                     )
              Defendants.                            )

## ANSWER TO AMENDED COMPLAINT AND AFFIRMATIVE DEFENSE

**NOW COME** the Defendants, CITY OF JOLIET, THOMAS BANAS, THOMAS CONROY (#271), JOLIET POLICE OFFICER SCHUMACHER (#293), JOLIET POLICE OFFICER CLEAVES (#308), LT. GORDON CORP #32, AND OTHER UNKNOWN JOLIET POLICE OFFICERS, by and through their attorney, Kimberly A. Fladhammer, Assistant Corporation Counsel state as follows:

### INTRODUCTION

1.      This action is brought under 42 U.S.C. §1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

**ANSWER:**    The Defendants admit the allegations of Paragraph 1, but deny any allegation of wrongdoing.

**JURISDICTION AND VENUE**

2.    The Court has jurisdiction of the action under 28 U.S.C. §§1331 and 1367.

**ANSWER:**    The Defendants admit the allegations of Paragraph 2.

3.    Venue is proper as Plaintiff is a resident of this judicial district and Defendant City of Joliet is a municipal corporation located here.  Further, the events giving rise to the claims asserted herein all occurred within this district.

**ANSWER:**    The Defendants admit the allegations of Paragraph 3, but deny any allegation of wrongdoing.

**BACKGROUND**

4.    Plaintiff is a 29 year-old resident of Joliet.

**ANSWER:**    The Defendants admit the allegations of Paragraph 4.

5.    On or about May 26, 2007, Mr. Lee was arrested by Defendant Officers even though he had done nothing illegal.

**ANSWER:**    The Defendants deny the allegations of Paragraph 5.

6.    After being taken to the Joliet police station, Defendant Officers held him down and performed a body cavity search in Mr. Lee's rectum.  They had neither a search warrant nor any cause to perform that search.

**ANSWER:**    The Defendants deny the allegations of Paragraph 6.

7.     When the body cavity search turned up nothing illegal, Defendant Officers drove Mr. Lee to Silver Cross Hospital and asked a medical doctor to perform a similar search.   The doctor refused, however, because Defendant Officers had no search warrant.

**ANSWER:**    The Defendants deny the allegations of Paragraph 7.


8.     Defendant Officers then took Mr. Lee back to the police station, held him down, and performed a second body cavity search in his rectum.   Again, they had no warrant or cause to perform that search.

**ANSWER:**    The Defendants deny the allegations of Paragraph 8.


9.     Defendant Officers never recovered anything illegal despite these invasive searches because Mr. Lee had nothing illegal on him nor in him.

**ANSWER:**    The Defendants deny the allegations of Paragraph 9.


10.     Despite the lack of any evidence, Defendant Officers charged Mr. Lee with multiple crimes.   Mr. Lee was acquitted of those charges on July 2, 2007.

**ANSWER:**    The Defendants admit that the Court granted a motion for directed finding in favor of the Plaintiff on July 2, 2007.   The Defendants deny the remainder of Paragraph 10.

## COUNT I – 42 U.S.C. § 1983

## EXCESSIVE FORCE

11.    Each of the paragraphs in this complaint is incorporated as if restated fully herein.

**ANSWER:**    Each of the answers to the previous paragraphs of this Complaint is incorporated as if fully restated herein.

12.    As described in the preceding paragraphs, the conduct of the Defendant Officers toward Plaintiff constituted excessive force in violation of the United States Constitution.

**ANSWER:**    The Defendants deny the allegations of Paragraph 12.

13.    The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

**ANSWER:**    The Defendants deny the allegations of Paragraph 13.

14.    The misconduct described in this Count was undertaken under the policy and practice of the Joliet Police Department in that:

a.    As a matter of both policy and practice, the Joliet Police Department directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

b.    As a matter of both policy and practice, the Joliet Police Department facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Joliet Police

Officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff; specifically, Joliet Police Officers accused of misconduct can be confident that the City of Joliet will not investigate those accusations in earnest and will refuse to recommend discipline even where the Officer has engaged in excessive force;

        c.    Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Joliet Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case; and

        d.    The City of Joliet has failed to act to remedy the patterns of abuse described in the preceding subparagraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here.

**ANSWER:**   The Defendants deny the allegations of Paragraph 14 and sub-paragraphs a-d of Paragraph 14.

15.    As a result of the unjustified and excessive use of force by one or more of the Defendant Officers, as well as the City's policy and practice, Plaintiff has suffered pain and injury, as well as emotional distress.

**ANSWER:**   The Defendants deny the allegations of Paragraph 15.

16.    The misconduct described in this Count was undertaken by at least one Defendant Officer within the scope of his employment and under color of law such that his employer, CITY OF JOLIET, is liable for their actions.

**ANSWER:**   The Defendants deny the allegations of Paragraph 16.

## COUNT II – 42 U.S.C. § 1983

## FOURTH AMENDMENT

17.    Each of the paragraphs of this Complaint is incorporated as if restated fully herein.

**ANSWER:**    Each of the answers to the previous paragraphs of this Complaint is incorporated as if fully restated herein.

18.    As described more fully above, Plaintiff was searched by the Defendant Officers in a manner that violated the Fourth Amendment.

**ANSWER:**    The Defendants deny the allegations of Paragraph 18.

19.    The Defendant Officer's actions were undertaken intentionally, with malice and reckless indifference to Plaintiff's rights.

**ANSWER:**    The Defendants deny the allegations of Paragraph 19.

20.    The misconduct described in this Count was undertaken pursuant to the policy and practice of the Joliet Police Department in the manner described in preceding paragraphs.

**ANSWER:**    The Defendants deny the allegations of Paragraph 20.

21.    As a result of the above-described wrongful conduct, as well as the City of Joliet's policy and practice, Plaintiff has suffered pain and injury, as well as emotional distress.

**ANSWER:**    The Defendants deny the allegations of Paragraph 21.

22.     The misconduct described in this Count was undertaken by a Defendant Officer within the scope of his employment and under color of law such that his employer, CITY OF JOLIET, is liable for his actions.

**ANSWER:**    The Defendants deny the allegations of Paragraph 22.


## COUNT III – 42 U.S.C. § 1983

## 14th AMENDMENT – SUBSTANTIVE DUE PROCESS

23.     Each paragraph in this Complaint is incorporated as though fully set forth herein.

**ANSWER:**    Each of the paragraphs of this Complaint is incorporated as if restated fully herein.


24.     In the manner described more fully above, Defendant Officers deprived Plaintiff of Due Process in violation of the Fourteenth Amendment to the United States Constitution.

**ANSWER:**    The Defendants deny the allegations of Paragraph 24.


25.     The Defendant Officer's actions set forth above were so arbitrary as to shock the conscience, and were undertaken intentionally, with malice and reckless indifference to Plaintiff's rights.

**ANSWER:**    The Defendants deny the allegations of Paragraph 25.


26.     The misconduct described in this Count was undertaken pursuant to the policy and practice of the Joliet Police Department in the manner described in preceding paragraphs.

**ANSWER:**    The Defendants deny the allegations of Paragraph 26.

27.    As a result of the above-described wrongful conduct, as well as the City of Joliet's policy and practice, Plaintiff has suffered pain and injury, as well as emotional distress.

**ANSWER:**    The Defendants deny the allegations of Paragraph 27.

28.    The misconduct described in this Count was undertaken by at least one Defendant Officer within the scope of his employment and under color of law such that his employer, CITY OF JOLIET, is liable for his actions.

**ANSWER:**    The Defendants deny the allegations of Paragraph 28.

**COUNT IV – 42 U.S.C. § 1983**

**FAILURE TO INTERVENE**

29.    Each paragraph in this Complaint is incorporated as if restated fully herein.

**ANSWER:**    Each of the paragraphs of this Complaint is incorporated as if restated fully herein.

30.    One or more of the Defendant Officers had a reasonable opportunity to prevent the violation of Plaintiff's constitutional rights as set forth above had he been so inclined, but failed to do so.

**ANSWER:**    The Defendants deny the allegations of Paragraph 30 and specifically deny that Plaintiff's constitutional rights were violated.

31.    As a result of the Defendant Officer's failure to intervene, Plaintiff suffered pain and injury, as well as emotional distress.

**ANSWER:**    The Defendants deny the allegations of Paragraph 31.

32.    The Defendant Officer's actions were undertaken intentionally, with malice and reckless indifference to Plaintiff's rights.

**ANSWER:**    The Defendants deny the allegations of Paragraph 32.

33.    The misconduct described in this Count was undertaken pursuant to the policy and practice of the Joliet Police Department in the manner described more fully above.

**ANSWER:**    The Defendants deny the allegations of Paragraph 33.

34.    The misconduct described in this Count was undertaken by at least one Defendant Officer within the scope of his employment and under color of law such that his employer, CITY OF JOLIET, is liable for his actions.

**ANSWER:**    The Defendants deny the allegation of Paragraph 34.

## COUNT V – 42 U.S.C. § 1983

## FALSE ARREST/UNLAWFUL DETENTION

35.    Plaintiff realleges all paragraphs of this Complaint as if fully stated herein.

**ANSWER:**    Each of the paragraphs of this Complaint is incorporated as if restated fully herein.

36.    As described above, Defendant Officers falsely arrested Mr. Lee on or about May 26, 2007.

**ANSWER:**    The Defendants deny the allegations of Paragraph 36.

37.    As described more fully above, Defendant Officers detained Mr. Lee for an unreasonable period of time arrest and under unreasonable conditions of confinement in order to falsify evidence to tie him to various crimes.

**ANSWER:**    The Defendants deny the allegations of Paragraph 37.

38.    The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER:**    The Defendants deny the allegations of Paragraph 38.

39.    As a result of this misconduct, Plaintiff sustained serious emotional injuries.

**ANSWER:**    The Defendants deny the allegations of Paragraph 39.

40.    The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the right of others.

**ANSWER:**    The Defendants deny the allegations of Paragraph 40.

41.    As a result of the above-described wrongful infringement of Plaintiff's rights, he suffered damages, including but not limited to pain, mental distress and anguish.

**ANSWER:**    The Defendants deny the allegations of Paragraph 41.

42.    The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER:**    The Defendants deny the allegations of Paragraph 42.

## COUNT VI – 42 U.S.C. § 1983

### CONSPIRACY

43.    Plaintiff realleges all paragraphs of this Complaint as if fully stated herein.

**ANSWER:**    Each of the paragraphs of this Complaint is incorporated as if restated fully herein.

44.    As described more fully in the preceding paragraphs, Defendant Officers knowingly acted in concert to deprive Plaintiff of his constitutional rights under color of law.

**ANSWER:**    The Defendants deny the allegations of Paragraph 44.

45.    Plaintiff was deprived of his constitutional rights in the manner described in the preceding paragraphs.

**ANSWER:**    The Defendants deny the allegations of Paragraph 45.

46.    In furtherance of the conspiracy, Defendant Officers committed overt acts of knowingly acting against Plaintiffs through the use of their police powers and otherwise were willful participants in joint activity with other state actors acting under color of law.

**ANSWER:**    The Defendants deny the allegations of Paragraph 46.

47.    The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER:**    The Defendants deny the allegations of Paragraph 47.

48.    As a proximate result of Defendants' conspiracy, Plaintiff suffered damages, including severe physical and emotional distress and anguish.

**ANSWER:**    The Defendants deny the allegations of Paragraph 48.

49.    The conspirators committing the misconduct described in this Count were motivated by personal bias in terms of their own self-interest.

**ANSWER:**    The Defendants deny the allegations of Paragraph 49.

50.    The misconduct described in this Count was undertaken under the policy and practice of the Joliet Police Department in the manner described more fully above.

**ANSWER:**    The Defendants deny the allegations of Paragraph 50.

## COUNT VII – 42 U.S.C. § 1983

### VIOLATIONS OF UNITED STATES CONSTITUTION

51.    Each paragraph of this Complaint is incorporated as if restated fully herein.

**ANSWER:**    Each of the paragraphs of this Complaint is incorporated as if restated fully herein.

52.    In the manner described more fully above, Defendants violated Plaintiff's constitutional rights, causing him damage.    Among others, Defendants violated Plaintiff's rights under the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments.

**ANSWER:**    The Defendants deny the allegations of Paragraph 52.


53.    Defendants also reached an agreement to deprive Plaintiff of his constitutional rights via illicit means, and one or more of them took actions in furtherance of this conspiracy, all in violation of both state and federal law.

**ANSWER:**    The Defendants deny the allegations of Paragraph 53.


54.    This misconduct described herein was objectively unreasonable, and undertaken with malice, willfulness, and reckless indifference to the rights of others such that the Defendants' actions shock the conscience.

**ANSWER:**    The Defendants deny the allegations of Paragraph 54.


55.    Plaintiff's injuries were proximately caused by a policy and practice on the part of the Joliet Police Department as described above.  In this way, the City of Joliet violated Plaintiff's rights by maintaining policies and practices that were the moving force driving the foregoing constitutional violations.

**ANSWER:**    The Defendants deny the allegations of Paragraph 55.


## COUNT VIII – STATE LAW CLAIM

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

56.    Each paragraph of this Complaint is incorporated as if restated fully herein.

**ANSWER:** Each of the paragraphs of this Complaint is incorporated as if restated fully herein.

57.    The acts and conduct of Defendant Officers as set forth above were extreme and outrageous.  Defendant Officers intended to cause, or were in reckless disregard of the probability that their conduct would cause, severe emotional distress to Plaintiff.

**ANSWER:**    The Defendants deny the allegations of Paragraph 57.

58.    Said actions and conduct did directly and proximately cause severe emotional distress to Plaintiff and thereby constituted intentional infliction of emotional distress.

**ANSWER**:    The Defendants deny the allegations of Paragraph 58.

59.    The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER:**    The Defendants deny the allegations of Paragraph 59.

60.    As a proximate result of Defendants' wrongful acts, Plaintiff suffered damages, including severe emotional distress and anguish.

**ANSWER:**    The Defendants deny the allegations of Paragraph 60.

**COUNT IX – STATE LAW CLAIM**

**MALICIOUS PROSECUTION**

61.    Plaintiff realleges all paragraphs in this Complaint as if fully stated herein.

**ANSWER:**   Each of the paragraphs of this Complaint is incorporated as if restated fully herein.


62.    Plaintiff was improperly subjected to judicial proceedings for which there was no probable cause.   These judicial proceedings were instituted and continued maliciously, resulting in injury, and all such proceedings were terminated in Plaintiff's favor in manners indicative of innocence.

**ANSWER:**   The Defendants deny the allegations of Paragraph 62.


63.    Defendant Officers accused Plaintiff of criminal activity knowing those accusations to be without probable cause, and they made written and other statements with the intent of exerting influence to institute and continue judicial proceedings.

**ANSWER:**   The Defendants deny the allegations of Paragraph 63.


64.    Statements of the Defendant Officers regarding Plaintiff's alleged culpability were made with knowledge that the statements were false and perjured.   In so doing, the Defendant Officers fabricated evidence and withheld exculpatory information.

**ANSWER:**   The Defendants deny the allegations of Paragraph 64.


65.    The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER:**   The Defendants deny the allegations of Paragraph 65.

66.    As a result of the above-described wrongful infringement of Plaintiff's rights, he has suffered financial and other damages, including but not limited to substantial mental stress and anguish.

**ANSWER:**    The Defendants deny the allegations of Paragraph 66.


67.    The misconduct described in this Count was undertaken by Defendant Officers within the scope of their employment such that their employer, CITY OF JOLIET, is liable for their actions.

**ANSWER:**    The Defendants deny the allegations of Paragraph 67.


## COUNT X – STATE LAW CLAIM

## CIVIL CONSPIRACY

68.    Plaintiff realleges all paragraphs in this Complaint as if fully stated herein.

**ANSWER:**    Each of the paragraphs of this Complaint is incorporated as if restated fully herein.


69.    As described more fully in the preceding paragraphs, Defendants, acting in concert with other known and unknown co-conspirators, conspired by concerted action to accomplish an unlawful purpose by an unlawful means.

**ANSWER:**    The Defendants deny the allegations of Paragraph 69.


70.    In furtherance of the conspiracy, Defendants committed overt acts and were otherwise willful participants in joint activity.

**ANSWER:**    The Defendants deny the allegations of Paragraph 70.

71.    The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER:**    The Defendants deny the allegations of Paragraph 71.


72.    As a proximate result of Defendants' conspiracy, Plaintiff suffered damages, including physical pain and suffering and severe emotional distress and anguish.

**ANSWER:**    The Defendants deny the allegations of Paragraph 72.


### COUNT XI – STATE LAW CLAIM:  FALSE IMPRISONMENT

73.    Plaintiff realleges all paragraphs of this Complaint as if fully stated herein.

**ANSWER:**    Each of the paragraphs of this Complaint is incorporated as if restated fully herein.


74.    Plaintiff was arrested and imprisoned, and thereby had his liberty to move about unlawfully restrained, despite Defendants' knowledge that there was no probable cause for doing so.

**ANSWER:**    The Defendants deny the allegations of Paragraph 74.


75.    Defendants' actions set forth above were undertaken intentionally, with malice and reckless indifference to Plaintiff's rights.

**ANSWER:**    The Defendants deny the allegations of Paragraph 75.

76.    As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff suffered damages, including but not limited to mental distress and anguish.

**ANSWER:**    The Defendants deny the allegations of Paragraph 76.

77.    The misconduct described in this Count was undertaken by Defendants within the scope of their employment such that their employer, CITY OF JOLIET, is liable for the actions.

**ANSWER:**    The Defendants deny the allegations of Paragraph 77.

## COUNT XII – STATE LAW CLAIM

### *RESPONDEAT SUPERIOR*

78.    Each paragraph in this Complaint is incorporated as if restated fully herein.

**ANSWER:**    Each of the paragraphs of this Complaint is incorporated as if restated fully herein.

79.    In committing the acts alleged in the preceding paragraphs, the Defendant Officers were members and agents of the Joliet Police Department acting at all relevant times within the scope of their employment.

**ANSWER:**    Defendants admit they are police officers for the Joliet Police Department acting within the scope of their employment but deny any allegation of wrongdoing.

80.    Defendant City of Joliet is liable as principal for all torts committed by its agents.

**ANSWER:**    The Defendants deny the allegations of Paragraph 80.

## COUNT XIII – STATE LAW CLAIM
## INDEMNIFICATION

81.    Each paragraph in this Complaint is incorporated as if restated fully herein.

**ANSWER:**    Each of the paragraphs of this Complaint is incorporated as if restated fully herein.

82.    Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

**ANSWER:**    The defendants deny the allegations of Paragraph 82.

83.    The Defendant Officers are or were employees of the Joliet Police Department, who acted within the scope of their employment in committing the misconduct described herein.

**ANSWER:**    Defendants admit they are police officers for the Joliet Police Department acting within the scope of their employment but deny any allegation of wrongdoing.

**WHEREFORE**, Defendants pray this Honorable Court will dismiss the Complaint at Law and award the defendants the cost of suit and any other relief deemed equitable and just.


## AFFIRMATIVE DEFENSE – QUALIFIED IMMUNITY

Qualified immunity bars plaintiff's claims against defendants, CITY OF JOLIET, THOMAS BANAS, THOMAS CONROY (#271), JOLIET POLICE OFFICER SCHUMACHER (#293), JOLIET POLICE OFFICER CLEAVES (#308), LT. GORDON CORP #32, as any of the actions taken by the defendants were discretionary, did not violate clearly established statutory or constitutional rights, and were objectively reasonable.

*Respectfully submitted,*


KIMBERLY A. FLADHAMMER
Assistant Corporation Counsel
City of Joliet
150 West Jefferson Street
Joliet, Illinois  60432
(815) 724-3803
(815) 724-3801 FAX
Reg. No. 06211232

*By:____/s/ Kimberly A. Fladhammer____*
*One of their Attorneys*